[No. A036850. First Dist., Div. Four. Sept. 18, 1987.]

ROBERT L. ROBINSON et al., Plaintiffs and Respondents, v.
CITY OF ALAMEDA, Defendant and Appellant;
ORIN DALABA et al., Real Parties in Interest and Respondents.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and IV.

COUNSEL

Carter J. Stroud, City Attorney, for Defendant and Appellant.

William Walters for Plaintiffs and Respondents.

James A. Fonda for Real Parties in Interest and Respondents.

OPINION

CHANNELL, J.—Respondents Robert and Bonny Robinson obtained a peremptory writ of mandate compelling appellant City of Alameda to rescind a notice of violation recorded against property owned by real parties in interest Orin and Martha Dalaba. The city appeals, contending that (1) the real property was subdivided in circumvention of the Subdivision Map Act; (2) the writ of mandate is not the correct remedy; and (3) the Robinsons did not exhaust their administrative remedies. We affirm the judgment.

I. FACTS

In 1977, respondents Robert and Bonny Robinson owned two parcels of land in Alameda, at 1032 and 1036 Regent Street. They continue to occupy the residence at 1032 Regent Street. In December 1980, they sold the 1036 Regent Street property to David Webster, subject to the terms of a written agreement providing that the Robinsons could continue to use the rear portion of the lot. This agreement was to remain in effect until either the Robinsons sold their home at 1032 Regent Street or until both of the Robinsons died. In March 1984, Webster sold the 1036 Regent Street property to Orin and Martha Dalaba, subject to the terms of the Robinson-

Webster agreement. At some point, the Dalabas filed a quiet title action against the Robinsons.

In August 1986, the city, through its city engineer, served a notice of violation of the city's subdivision ordinance. The notice alleged that the effect of the Robinson-Webster agreement was to subdivide the Dalabas' property. At a hearing on the notice of violation, the Dalabas' attorney was present but did not contest the city's action.[1] The Robinsons, who stood to lose the use of the rear portion of the Dalabas' property as a result of the notice of violation, did object. Nevertheless, the city engineer, having consulted with the city attorney, found that the city's subdivision ordinance had been violated. The city ruled that the Robinson-Webster agreement constituted a lease, rendering the Robinsons' use of the Dalabas' property a subdivision. The notice of violation was recorded on August 26, 1986.

The following month, the Robinsons petitioned the superior court for a writ of mandate to compel the city to rescind its notice of violation against the Dalabas' property. After hearing, the trial court issued a peremptory writ. Judgment was entered against the city, which filed a timely notice of appeal.[2]

## II. SUBDIVISION

The city first contends that the Robinson-Webster agreement effectively subdivided the property at 1036 Regent Street in circumvention of its subdivision ordinance and the state Subdivision Map Act.[3] (See Gov. Code, § 66410 et seq.) The trial court specifically held this agreement did not constitute a subdivision because it was not "divided for the purpose of sale or lease" as the subdivision ordinance requires.

The city's subdivision ordinance defines a division of land as "the division of any real property or condominium project, improved or unimproved, or portion thereof shown on the latest equalized county assessment roll as a lot or contiguous lots, which is *divided for the purpose of sale or lease* . . . into two or more parcels . . . ." (Italics added.) The Subdivision Map Act also requires a "sale, lease, or financing" to create a subdivision. (Gov. Code,

---

[1] The Dalabas requested that the city engineer determine whether the Robinson-Webster agreement created a new lot in violation of the city's subdivision ordinance. Apparently, the Dalabas hoped that the agreement would be rendered unenforceable, eliminating the Robinsons' right to use their property.

[2] The real parties in interest, the Dalabas, claim to be financially unable to appeal; they have left the appeal to the city.

[3] The city's opening brief, virtually identical to its points and authorities submitted at trial, was not helpful to this court. It included no discussion of the actions taken by the trial court, the trial court's reasoning, or why that reasoning was flawed.

§ 66424.) ■ The agreement provides that the Robinsons acquired only the right to use the rear portion of the subject property, and have no ownership interest in it. By its own terms, the agreement is not a sale of land.

The city argues in its reply brief that the agreement constitutes a lease. However, this is clearly incorrect. An estate for years or a leasehold is an estate in land created for a definite period. Such an estate cannot be created if the term is of uncertain duration. (3 Witkin, Summary of Cal. Law (8th ed. 1973) Real Property, § 410, pp. 2099-2100.) The Robinson-Webster agreement applies until the Robinsons move from their home or until both are dead. As it is of uncertain duration, it cannot be a lease. Whatever interest in land the agreement created, it did not constitute a sale or a lease. Therefore, neither the city's subdivision ordinance nor the Subdivision Map Act applies. The writ was properly issued.

### III., IV.*

·　·　·　·　·　·　·　·　·　·　·　·　·　·　·　·　·　·

The judgment is affirmed.

Anderson, P. J., and Sabraw, J., concurred.

A petition for a rehearing was denied October 8, 1987, and appellant's petition for review by the Supreme Court was denied December 22, 1987.

---

* See footnote, *ante,* page 1286.